## 5918.  CHRISTOPHER v. THE STATE.

Even if the failure to punctuate properly a criminal accusation were a good ground for demurrer, the accused in the present case, by his failure to demur, waived his right to object.  Construing the accusation without reference to its punctuation, there was no such variance between the allegations and the proof as required the grant of a new trial

DECIDED APRIL 13, 1915.

Accusation of larceny; from city court of Americus—Judge Harper.  July 18, 1914.

*W. F. Weaver,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

RUSSELL, C. J.  The motion for a new trial in the present case rests upon the general grounds that the verdict is contrary to law, contrary to evidence, and without evidence to support it.  There was no demurrer to the accusation, which charged the accused with the offense of larceny from the house, and the only point upon which the plaintiff in error relies is an alleged fatal variance between the allegations of the accusation and the proof relative to the theft of a pair of pants.  The contention of counsel for plaintiff in error is that the indictment charges the accused with having entered a pair of pants with intent to steal, instead of alleging the entry of the storehouse of the prosecutors and the taking and carrying away of the pants with that intent.  Even if the manner in which the accusation is punctuated might have caused some confusion as to the nature of the charge, the proper time to have corrected this was by demurrer before arraignment.  Every defendant has the right, if he requires it by timely demurrer, to be tried upon an accusation perfect both in form and in substance.  Merely formal defects are waived when the defendant goes to trial without objection; and punctuation must be treated as a matter of form and not of substance, especially when the charge can be clearly understood if all the punctuation be omitted.  The proof indubitably sustained all of the material allegations and established the offense charged, and the plaintiff in error can not complain that the jury, perhaps in the abundance of their humanity, only found him guilty of a lower grade of the offense.

*Judgment affirmed.  Broyles, J., not presiding.*